IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 4:07-cr-00225-JEG-RAW |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JOSE ALFREDO JIMENEZ-SANDOVAL, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY (PLEA AGREEMENT)

The United States of America and the defendant, having both filed a written consent to conduct of the plea proceedings by a magistrate judge, appeared before me pursuant to Fed. R. Crim. P. 11 and LCrR 11. The defendant entered a plea of guilty to a lesser included offense in Count 1 of a Superseding Indictment which charged him with conspiracy to distribute more than 50 grams actual methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii). Defendant entered a plea of guilty to the lesser included offense of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(b)(1)(C). After advising and questioning the defendant under oath concerning each of the subjects addressed in Rule 11(b)(1), I determined that the guilty plea was in its entirety voluntarily, knowingly and intelligently made and did not result from force, threats, or promises (other than promises in the plea agreement). I further determined that there is a factual basis

for the guilty plea on each of the essential elements of the offense(s) in question. **With respect to factual basis, it should be noted that at the plea proceeding defendant denied, or failed to admit, many of the factual statements in paragraph 8 of the plea agreement upon which the factual basis in the plea agreement was predicated. The plea proceeding was adjourned for a period of time. When it resumed the parties had made amendments to the plea agreement. The amount paid in subparagraph 8(6) was modified. The methamphetamine distributions in subparagraphs 8(8)-(11) were deleted. The parties also deleted the drug quantity stipulation in subparagraph 11(b) pertaining to sentencing. The Court found a factual basis for the conspiracy charge based primarily on defendant's admissions that he agreed with co-defendant Martinez-Chavez to set up a meeting between Martinez-Chavez and the confidential informant on October 2, 2006 so that Martinez-Chavez could distribute the methamphetamine referred to in subparagraph 8(7) of the plea agreement. Defendant was present at the transaction.**

As noted, a plea agreement was disclosed at the plea proceeding and defendant stated he understood its terms and agreed to be bound by them. To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C) defendant was advised the district judge to whom the case is assigned may accept the plea agreement, reject it, or defer a decision whether to accept or reject it until the judge has reviewed the presentence report as provided by

Rule 11(c)(3)(A).  To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B) defendant was advised by the Court that defendant has no right to withdraw the plea if the Court does not follow a recommendation or request in question.

I recommend that the plea of guilty be accepted and that the defendant be adjudged guilty and have sentence imposed accordingly. A presentence report has been ordered and sentencing proceedings scheduled.

_____
UNITED STATES MAGISTRATE JUDGE

12/18/13
_____
DATE


<u>NOTICE</u>

Failure by a party to file written objections to this Report and Recommendation within fourteen (14) days from the date of its service will result in waiver by that party of the right to make objections to the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B).